LOTTINGER, Judge.
This is a suit on a promissory note secured by chattel mortgage on a 1950 model Pontiac automobile wherein judgment is sought for the balance due. Apparently, an error was made in computing the balance, for, while the prayer of the petition is for the sum of $632.50, the plaintiff’s brief admits that the correct amount is $619.50. The petition, in addition, asks that the Court recognize its mortgage and privilege on the automobile and that, after judgment, same be sold at public auction, with ap-praisement, for cash, to the highest bidder, and that out of the proceeds of the sale, plaintiff be paid by preference and priority over all other persons whomsoever, the amount of its claim with interest and attorney’s fees and costs.
The answer sets up the defense that plaintiff repossessed the automobile and thereby extinguished the indebtedness. Alternatively, the defendant pleads that he paid a total of $125 on the note rather than $36.85 as alleged in the petition.
Following trial on the merits in the Court below, judgment was rendered in favor of the plaintiff in the amount of $619.50 and the matter is now before us on a devolu-tive appeal taken by the defendant.
The evidence shows that the defendant admitted signing the transfer of title to the vehicle whereby he assumed the payment of the note, admitted purchasing insurance for the car from the plaintiff and admitted his indebtedness until the alleged repossession. The defendant further admits that he never signed the title certificate transferring his interest in the automobile to the plaintiff herein.
From the record as made up, we are unable to conclude that a repossession in fact took place as claimed by defendant. It appears that the car needed repair and was taken by defendant to a garage in Mamou, Louisiana. It was testified to by one of plaintiff’s employees, Mr. John Guillory,
*917 that the car was then located on one of the streets of Mamou and that, after being informed by the street Commissioner of the town that they would have to pay a storage fee unless the car were removed, he contacted the defendant who gave him permission to remove the car.
In this connection the Lower Court stated in its written reasons for judgment:
“One of plaintiff’s employees, Mr. John Guillory, testified that the automobile in question was located on one of the streets in the town of Mamou. He further testified that his employer, Dupre Motor Company, forbid him to pick up the automobile or take same in his custody. After a while, the Street Commissioner of the town of Mamou, notified plaintiff’s employee that said automobile should be removed or they would have to remove same and store same, and charge a storage fee. The employee of Dupre Motor Company then contacted the defendant, Calvin Phillips, and sought his permission to remove same, which permission was granted by the said John Calvin Phillips. The said John Calvin Phillips admits that he granted permission to the plaintiff to remove the automobile, but states that he was of the opinion that his debt would be extinguished when they removed same. That he was informed that they were repossessing same and his debt would become extinguished. At the outset of the trial of this case, this Court asked if there were any allegations of illegal seizure or possession of the automobile and the defendant stated that there was none, that the defendant had given permission to the plaintiff to remove the automobile from the town of Mamou.”
We find no manifest error in the judgment appealed from and the same is hereby affirmed.
Judgment affirmed.